IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

SAMUELSON I. OJIAKA,

        Plaintiff,

vs.                                 **Case No. 05-2094-RDR**

TACO BELL CORP.,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff sues for injuries he alleges he received as a result of eating a defective burrito at defendant's place of business. Plaintiff alleges that the burrito contained shards of razor blades and wood. Defendant denies that it sold defendant an adulterated or otherwise defective burrito. This case is now before the court upon defendant's motion for summary judgment.

### Uncontroverted facts

Defendant and his three sons dined at one of defendant's restaurants in Olathe, Kansas on February 9, 2003. Plaintiff complained that he was injured from something he ate inside the burrito he was served at the restaurant. While he was at the restaurant, emergency medical technicians and police personnel were called to respond to plaintiff's complaints. Carol Dahn was an EMT who examined plaintiff's mouth with a pen light at the restaurant. She found "no trauma orally in his mouth." She did notice, however, that plaintiff was coughing and retching and that plaintiff had produced blood-tinged sputum when he coughed. She

testified in her deposition that blood-tinged sputum or mucus was consistent with oral trauma or throat trauma.

Plaintiff was transported to the emergency department at the Olathe Medical Center for examination and treatment.  The emergency department report stated that there were no visible oral lesions in plaintiff's mouth.  Plaintiff made complaints of vomiting blood and fragments of metal at the time which were consistent with his claims in this case.

On February 11, 2003, plaintiff underwent an upper endoscopy which revealed no abnormalities.  The doctor who conducted the endoscopy made the following conclusions:

> 1.  [Plaintiff] has neck and chest pain with no obvious abnormalities on endoscopy at this time.  He stated he did have a fever, but he does not have a temperature now.  He appears to be improving from any irritation that occurred with swallowing of these sharp objects.
> 2.  He has gastritis, which I do not believe is on the basis of ingestion [of] razorblade particles.  The findings are diffuse, and I would expect smaller sized irritations related to any foreign bodies.
> 3.  He had blood per rectum, which was likely hemorrhoidal, but with his age I have recommended that he have a colonoscopy.

Plaintiff had a colonoscopy on March 31, 2003.  He was diagnosed with internal hemorrhoids and a history of rectal bleeding.

The police report from the Olathe Police Department states that an officer arrived at defendant's restaurant to assist with the situation involved in this case.  The officer states in the report that he examined plaintiff's burrito and:

> "found a broken metal razor blade inside the burrito. The razor blade was broken into 6 pieces. I recovered the piece of the razor blade from [plaintiff] that he had vomited. In addition, I found 3 small pieces of wood inside the burrito."

Plaintiff has stated in his deposition that he felt horrible after consuming part of the burrito and that he ran to the bathroom in the restaurant and started vomiting blood. He also stated that he did not feel well for two or three days after the incident. One of plaintiff's sons stated that plaintiff seemed "kind of shaken up" as a result of the events at issue. Plaintiff remarked in his deposition that he missed two days of work and incurred medical expenses because of the defective burrito. According to plaintiff, he has not visited a fast food restaurant since because he is scared.

### Standards for summary judgment

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The movant has the burden to "demonstrate an absence of a genuine issue of material fact given the relevant substantive law." Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.) cert. denied, 506 U.S. 1013 (1992). The court reviews the evidence and draws all reasonable inferences in the light most favorable to the nonmovant. Thomas v. International Business Machines, 48 F.3d 478, 484 (10th Cir. 1995). Summary judgment shall be granted unless

3

there is evidence upon which a reasonable jury could find for the nonmovant.  <u>Panis v. Mission Hills Bank, N.A.</u>, 60 F.3d 1486, 1490 (10th Cir. 1995) <u>cert. denied</u>, 516 U.S. 1160 (1996).  Conclusory allegations will not create a genuine issue of material fact defeating a summary judgment motion.  <u>White v. York Int'l Corp.</u>, 45 F.3d 357, 363 (10th Cir. 1995).

<u>Argument for summary judgment</u>

Defendant contends that summary judgment is justified because plaintiff has presented no evidence establishing a causal connection between the defective burrito and his damages.  Plaintiff has the burden of proving that his damages were caused by defendant's breach of duty.  See <u>McCleary v. Boss</u>, 955 P.2d 127, 128 (Kan.App. 1997).  Normally, the question of causation is an issue of fact for the jury, but that issue may be resolved by summary judgment where the facts of the case will support only one conclusion and reasonable minds could not differ as to that conclusion.  <u>Garay v. Missouri Pacific R. Co.</u>, 38 F.Supp.2d 892, 899 (D.Kan. 1999).

In this case, looking at the record in a light most favorable to plaintiff, there is evidence that defendant vomited and that he had bloody sputum after ingesting foreign material inside the food served by defendant.  An emergency medical technician indicated that the bloody sputum was consistent with the ingestion of razor blade pieces.  A layperson also would be qualified to conclude that

eating razor blade shards could cause bleeding inside the mouth or throat. See <u>Hare v. Wendler</u>, 949 P.2d 1141, 1147-48 (Kan. 1997) (discussing the common knowledge exception to requirement of expert medical evidence, but not applying exception under the circumstances of the case); <u>Karrigan v. Nazareth Convent & Academy, Inc.</u>, 510 P.2d 190, 196 (Kan. 1973) (a layperson could determine that a nurse's failure to contact a doctor after a pain-racked patient's repeated requests caused mental anguish for which the patient would be entitled to recover).

We believe the case of <u>Cernes v. Pittsburgh Coca Cola Bottling Co.</u>, 332 P.2d 258 (1958) has application here. In <u>Cernes</u>, the plaintiff sought to recover for damages caused by drinking a part of a bottled drink which contained a foreign substance. Plaintiff received a jury verdict in his favor. Defendant appealed alleging a lack of evidence. The court held that:

> "the showing of symptoms shortly following the drinking of the beverage, which contained a foreign substance, was sufficient to take the case to the jury on the question of a causal connection. It is not necessary to produce a chemical analysis or medical testimony showing the beverage poisonous when the consumption thereof is followed by symptoms from which the simple, reasonable and common-sense inference could be drawn by the jury that plaintiff became sick and was nauseated and thereby injured, even though not seriously, as a direct result of drinking the beverage in question."

332 P.2d at 262. See also, <u>Connell v. Norton Coca-Cola Bottling Co.</u>, 357 P.2d 804 (Kan. 1960) (sustaining verdict for plaintiff who suffered psychological and physical distress from drinking a soft

drink from a bottle which contained a decomposed centipede).

In conclusion, the court believes that for purposes of summary judgment there is an adequate evidentiary basis linking plaintiff's alleged injuries to the alleged ingestion of foreign material in the burrito served by defendant.  Therefore, defendant's motion for summary judgment shall be denied.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2006 at Topeka, Kansas.

                                       s/Richard D. Rogers
                                       United States District Judge